UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EDDIE JONES,

                Petitioner,

v.                             Case No. 3:05-cv-206-J-12MMH

JAMES R. MCDONOUGH,[1]
et al.,

                Respondents.

_____

**ORDER**

**I. Status**

Petitioner Eddie Jones, proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254 on March 7, 2005. Petitioner also filed a Memorandum of Law in Support of the Petition (Doc. #13) (hereinafter Memorandum of Law). Petitioner challenges a 2002 state court (Columbia County, Florida) conviction for robbery with a weapon on the following grounds: (1) ineffective assistance of trial counsel for failure to move the

_____

[1] James R. McDonough, the Secretary of the Florida Department of Corrections, is substituted as the proper party Respondent for James V. Crosby, Jr., pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

court for dismissal of the Information; (2) ineffective assistance of trial counsel for failure to inform Petitioner and the trial court that the State had not disclosed or produced any facts as proof that the criminal act of armed robbery had in fact been committed; (3) the State Attorney's Office acted unlawfully and without jurisdiction in initiating the prosecution of Petitioner; (4) Petitioner's due process right was denied when the appellate court dismissed his appeal; (5) the trial court lacked jurisdiction to accept his no contest plea and adjudicate him guilty of robbery where there were no facts or proof that a robbery had been committed; and, (6) the Assistant State Attorney committed fraud and perjury upon the court in obtaining the judgment entered against Petitioner.

Respondents filed an Answer in Response to Order to Show Cause (Doc. #18) (hereinafter Response). In support of their Response, they submitted exhibits.[2]  Petitioner was instructed on how to properly respond to a motion to dismiss and/or for summary judgment. See Court's Order to Show Cause and Notice to Petitioner (Doc. #10).  Petitioner has responded.  See Petitioner's Amended Reply (Doc. #29).  This case is now ripe for review.

---

[2] Respondents' exhibits will be hereinafter referred to as "Ex."

2

## II. Procedural History

The State charged Petitioner, by Information, with robbery while armed with a deadly weapon (a knife). Ex. A at 118-19. On January 10, 2002, Petitioner entered into a plea agreement with the State, in which he agreed to enter a plea of nolo contendere in exchange for a habitual offender sentence of five years in prison followed by ten years of probation. Id. at 128-34. Petitioner did not appeal. Petition at 3.

On March 4, 2002, Petitioner filed a *pro se* motion for post conviction relief pursuant to Fla. R. Crim. P. 3.850, in which he raised the following claims: (1) his conviction was unlawful based upon the photo line-up identification obtained with a photograph from an illegal arrest; (2) the Information was legally insufficient due to the invalid statement of the victim; (3) counsel was ineffective for failing to move to dismiss the Information based upon grounds one and two; (4) counsel was ineffective for failing to investigate and discover that his prior uncounseled sentence would cause his sentence to be enhanced; and, (5) the trial court erred by accepting the plea without a factual basis. Id. at 3-4. Petitioner moved to supplement his motion with the newly discovered facts that the State never had the written sworn statement of the robbery victim in its possession. Id. at 48-54. The State responded to Petitioner's Rule 3.850 motion. Id. at 62-70.

3

On September 9, 2002, the trial court denied Petitioner's Rule 3.850 motion, stating in pertinent part:

> For ground one, Defendant alleges that "it was unlawful and constitutional[ly] forbidden to arrest and charge the defendant with armed robbery based upon a photo line-up identification which consisted of a photo obtained during an illegal arrest of the defendant." This Court finds, however, that said claim should have, and could have, been raised at trial and properly preserved for direct appeal, and is [sic] thus such claim is not the proper subject of a 3.850 Motion. This Court also finds that Defendant's allegations are conclusory/non-specific in nature [See Reaves v. State, 593 So.2d 1150 (Fla. 1st DCA 1992)] and based on assumptions of illegality without supporting facts.

> For ground two, Defendant alleges that "[t]he information (charging document), charging the defendant with committing the offense of armed robbery upon Bhauvan Patel (the victim), was based upon a legally insufficient and a grossly invalid sworn statement signed by the victim... Defendant['s] plea was not voluntary when the defendant discovered these facts after pleading." This Court finds, however, that since said information was filed based on the sworn affidavit of Investigator Kemp Martin, who spoke directly with the victim, obtained a statement from her regarding the crime, and showed the victim a photo line-up where the victim identified the defendant as the perpetrator of the crime, the Office of the State Attorney clearly comported with legal requirements when filing a criminal information against Defendant.

> Furthermore, Defendant did not object to the information/charging document and as such, he waived his right to entertain any such future objection with the Court. In addition, said claim should have, and could have, been raised at trial and properly preserved for

4

direct appeal, and thus such claim is not the proper subject of a 3.850 Motion. Finally, Defendant's allegations are conclusory/non-specific in nature.

Defendant further asserts grounds alleging ineffective assistance of counsel. Such allegations include alleging that counsel was ineffective for failing to motion the Court for dismissal based on allegations in grounds one and two, as well as other ineffective assistance allegations such as failing to investigate and discover "a prior uncounseled sentence." In Defendant's "supplement/amendment" he offers other vague allegations regarding Defendant's photo lineup and allegation of lack of facts/evidence. In such amendment(s)/supplement(s) to his Motion, Defendant's issues raised regarding ineffective assistance of counsel are essentially repetitive of allegations in Defendant's above-styled Motion.

Regarding said allegations of ineffective assistance of counsel, this Court finds that Defendant fails regarding any of his allegations. Defendant raises no grounds demonstrating an entitlement to the requested relief. Defendant has failed to meet his burden under Strickland v. Washington, 466 U.S. 668 (1984), for alleging ineffective assistance of counsel. Defendant has failed to show that the acts of counsel fell below a standard of reasonableness of professional norms and that these acts prejudiced the outcome of the proceedings as required by the Strickland Court. Furthermore, Defendant's allegations are conclusory and non-specific in nature.

Finally, Defendant raises the ground that "the court erred in accepting the defendant['s] plea without [a] specified factual basis being illicited/expressed [sic]." Again, such allegation is conclusory and non-specific in nature. Furthermore, Defendant knowingly and voluntarily signed a plea form, which contained a statement which

5

> read "I agree there is a factual basis to
> support this plea." At the time the plea was
> tendered to the Court, Defendant was
> questioned under oath by the Court and asked
> "And you agree to the facts to support a
> plea?" In response to such, Defendant said
> "Yes." In addition, counsel for Defendant
> stated on the record that Defendant "does
> stipulate that there would be enough facts to
> get it to a jury." This Court reviewed the
> file at the time of sentencing and had
> sufficient facts before it when it accepted
> Defendant's plea.

Id. at 107-08. On May 7, 2003, the appellate court per curiam
affirmed without a written opinion. Ex. C. On June 6, 2003,
Petitioner's motion for rehearing was denied. Ex. D; Ex. E. The
mandate was issued on June 24, 2003. Petition at 7.

Petitioner Jones also filed a "Motion for an Order Vacating
the Judgment Entered in the Above-Styled Cause . . . Whereas, Said
Judgment Was Procured By Way of Fraud Upon the Court" (Ex. F), an
"Emergency Motion for the Court to Proceed in Vacating the Judgment
in the Above-Styled Cause . . . Whereas, the Evidence Clearly
Show[s] that the Judgment Is the Product of, and Procured Upon
Fraud and Perjury" (Ex. G) and an Emergency Petition for Writ of
Habeas Corpus (Ex. H). On May 15, 2003, the trial court denied
Petitioner's motions, stating they "are repetitive, successive,
duplicitous, of previous[ly] denied motions, and are an abuse of
process and an abuse of this Court's time." Ex. I. On January 15,
2004, the appellate court per curiam dismissed the appeal without
issuing a written opinion. Ex. K.

On May 28, 2003, Petitioner filed a *pro se* Emergency Petition for Writ of Habeas Corpus in the appellate court.  Ex. L.  The appellate court per curiam denied the petition on June 26, 2003. Ex. M.

On July 14, 2003, Petitioner filed another *pro se* Emergency Petition for Writ of Habeas Corpus in the appellate court, contending that the trial court lacked jurisdiction to accept Petitioner's plea and adjudicate him guilty because there was no showing of proof that the crime had been committed.  Ex. N.  The State filed a response.  Ex. O.  On August 12, 2003, the appellate court denied the petition.  Ex. P.

On August 18, 2003, Petitioner filed another Emergency Petition for Writ of Habeas Corpus in the appellate court, claiming that the State lacked jurisdiction to issue a warrant for his arrest for the robbery of Ms. Patel when no sworn probable cause affidavit alleging a robbery was ever submitted for the issuance of the warrant.  Ex. Q.  The State filed a Motion to Dismiss Successive and Abusive Petition for Writ of Habeas Corpus.  Ex. R. Petitioner filed a response to the Motion to Dismiss.  Ex. S. Because of Petitioner's numerous pleadings raising the same issues, the appellate court, on September 17, 2003, issued an order for Petitioner to show cause why he should not be prohibited from appearing before the court in any proceeding challenging his conviction in this case unless he is represented by an attorney in

7

good standing with the Florida Bar.  Ex. T.  On October 3, 2003,
the appellate court denied the Motion to Dismiss as moot in light
of the show cause order.  Ex. U.  Petitioner filed a response to
the order to show cause.  Ex. V.  On November 17, 2003, the
appellate court stated:

> Having now considered these filings, this
> court finds that petitioner's continued
> attacks on his conviction and sentence are an
> abuse of the legal process which have had, and
> if allowed to continue will have, an adverse
> effect on the limited judicial resources of
> this court.  Accordingly, it is hereby ordered
> that petitioner Eddie Jones shall retain the
> services of a member in good standing of the
> Florida Bar who shall notice an appearance in
> this case and case number 1D03-2239 within
> twenty days of [the] date of this order,
> failing which the cases are subject to
> dismissal without further opportunity to be
> heard.  Further, no pro se papers from Mr.
> Jones to initiate a new collateral attack on
> the conviction in Columbia County case number
> 01-660, regardless of the remedy sought or
> theory for such attack, will be accepted for
> filing by the clerk of this court.

Jones v. State, 858 So.2d 1263 (Fla. 1st DCA 2003); Ex. W.  On
January 15, 2004, the appellate court per curiam dismissed his
petition for writ of habeas corpus.  Ex. X.

Petitioner had filed another Emergency Petition for Writ of
Habeas Corpus (Ex. Y) in the appellate court on August 27, 2003,
that was dismissed as moot on October 3, 2003.  Ex. Z.  Petitioner
filed several other pleadings in the appellate court (Ex. AA), and
the appellate court per curiam dismissed the appeal on June 29,
2004, citing Jones v. State, 858 So.2d 1263.  Ex. BB.

The Petition for Writ of Habeas Corpus, filed in this Court on March 7, 2005, is timely filed within the one-year period of limitation.  See Response at 9-10; 28 U.S.C. § 2244(d).

### III. Evidentiary Hearing

This Court has carefully reviewed the record and, for the reasons set forth more fully below, concludes Petitioner is not entitled to an evidentiary hearing.  A habeas corpus petitioner is entitled to an evidentiary hearing in federal court if he alleges facts which, if proven, would entitle him to habeas corpus relief. Smith v. Singletary, 170 F.3d 1051, 1053-54 (11th Cir. 1999) (citation omitted); Cave v. Singletary, 971 F.2d 1513, 1516 (11th Cir. 1992) (citing Townsend v. Sain, 372 U.S. 293 (1963)).  Here, the pertinent facts of the case are fully developed in the record before the Court.   Smith, 170 F.3d at 1054.   No evidentiary proceedings are required in this Court.  High v. Head, 209 F.3d 1257, 1263 (11th Cir. 2000) (citing McCleskey v. Zant, 499 U.S. 467, 494 (1991)), cert. denied, 532 U.S. 909 (2001).  The Court can "adequately assess [Petitioner's] claim[s] without further factual development."  Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).  Therefore, for the reasons set forth above, an evidentiary hearing will not be conducted by this Court.

## IV. Standard of Review

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (hereinafter AEDPA).  Since this action was filed after the effective date of AEDPA, the Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d), as amended by AEDPA. Nelson v. Alabama, 292 F.3d 1291, 1294-95 (11th Cir. 2002), cert. denied, 538 U.S. 926 (2003); Fugate v. Head, 261 F.3d 1206, 1215 n.10 (11th Cir. 2001), cert. denied, 535 U.S. 1104 (2002); Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000).

The Eleventh Circuit has described the standard of review under AEDPA:

> Title 28 U.S.C. § 2254 governs the authority of the federal courts to consider applications for writs of habeas corpus submitted by state prisoners.  Section 2254 was amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), which was effective as of April 24, 1996.  AEDPA applies to all petitions filed after its effective date. . . .
>
> AEPDA "places a new constraint on a federal habeas court's power to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court" by establishing a deferential standard for reviewing state court judgments in these cases. Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000).  Subsection (d) of § 2254 provides:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

AEDPA also makes clear that substantial deference is to be accorded a state court's findings of fact. Section 2254(e)(1) provides that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Henderson v. Campbell, 353 F.3d 880, 889-891 (11th Cir. 2003) (footnote omitted), cert. denied, 543 U.S. 811 (2004).

Clearly, the new 28 U.S.C. § 2254(d) creates a more deferential standard for federal court review of state court adjudications:  "[u]nless a state court decision is directly contrary to Supreme Court case law, we review state court findings of fact and conclusions of law for reasonableness." Van Poyck v.

Florida Dep't of Corr., 290 F.3d 1318, 1321 (11th Cir. 2002) (per curiam), cert. denied, 537 U.S. 812 (2002), 537 U.S. 1105 (2003); Mitchell v. Esparza, 540 U.S. 978 (2003) (per curiam) (holding that the Ohio Court of Appeals' decision was not "contrary to" or an "unreasonable application" of clearly established federal law and stressing "the limits imposed on federal habeas review by 28 U.S.C. § 2254(d)").

Furthermore, AEDPA "also directs that a presumption of correctness be afforded factual findings of state courts, which may be rebutted only by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling.  Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S. 906 (2003).  Thus, to the extent that Petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under the new § 2254(d).

## V. Ineffective Assistance of Trial Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel.   That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citations omitted). "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" Rompilla v. Beard, 125 S.Ct. 2456, 2462 (2005) (citations omitted).   If counsel's performance falls "below the line of reasonable practice, there is a further question about prejudice, that is, whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. at 2467 (citation omitted).

The Eleventh Circuit has captured the essence of an ineffectiveness claim:

> [A] petitioner must show that his lawyer's performance fell below an "objective standard of reasonableness" and that the lawyer's deficient performance prejudiced the petitioner. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Establishing these two elements is not easy:   "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)).

13

For assessing a lawyer's performance, <u>Chandler v. United States</u>, 218 F.3d 1305 (11th Cir. 2000) (en banc) <u>cert</u>. <u>denied</u>, 531 U.S. 1204, 121 S.Ct. 1217, 149 L.Ed.2d 129 (2001), sets out the basic law: "Courts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." <u>Id</u>. at 1314 (internal marks omitted). . . . Our role in reviewing an ineffective assistance claim is not to "grade" a lawyer's performance; instead, we determine only whether a lawyer's performance was within "the wide range of professionally competent assistance." <u>See</u> <u>Strickland</u>, 104 S.Ct. at 2066.

The inquiry into whether a lawyer has provided effective assistance is an objective one: a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take." <u>See</u> <u>Chandler</u>, 218 F.3d at 1315. . . .

A petitioner's burden of establishing that his lawyer's deficient performance prejudiced his case is also high. "It is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test." <u>Strickland</u>, 104 S.Ct. at 2067. Instead, a petitioner must establish that a reasonable probability exists that the outcome of the case would have been different if his lawyer had given adequate assistance. <u>See</u> <u>id</u>. at 2068.[3]

---

[3] However, "when a defendant raises the unusual claim that trial counsel, while efficacious in raising an issue, nonetheless failed to preserve it for appeal, the appropriate prejudice inquiry asks whether there is a reasonable likelihood of a more favorable outcome on appeal had the claim been preserved." <u>Davis v. Sec'y</u> <u>for the Dep't of Corr.</u>, 341 F.3d 1310, 1316 (11th Cir. 2003) (per curiam) (citation omitted).

<u>Van Poyck v. Florida Dep't of Corr.</u>, 290 F.3d 1318, 1322-23 (11th Cir. 2002) (per curiam) (footnotes omitted), <u>cert</u>. <u>denied</u>, 537 U.S. 812 (2002), 537 U.S. 1105 (2003).

In sum, "[w]ithout proof of both deficient performance and prejudice to the defense, . . . it could not be said that the sentence or conviction 'resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable,' and the sentence or conviction should stand." <u>Bell v. Cone</u>, 535 U.S. 685, 695 (2002) (internal citation omitted) (quoting <u>Strickland</u>, 466 U.S. 668, 687 (1984)).  In reviewing an ineffectiveness claim, this Court does not need to "approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." <u>Saldo v. Crosby</u>, 162 Fed. Appx. 915, 916 (11th Cir. 2006) (citation omitted) (not selected for publication).

In the context of the plea process, the Supreme Court of the United States stated:

> We hold, therefore, that the two-part <u>Strickland v. Washington</u> test applies to challenges to guilty pleas based on ineffective assistance of counsel.  In the context of guilty pleas, the first half of the <u>Strickland v. Washington</u> test is nothing more than a restatement of the standard of attorney competence already set forth in [prior cases]. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.  In other words, in order to satisfy the "prejudice" requirement, the defendant must

15

show that there is a reasonable probability
that, but for counsel's errors, he would not
have pleaded guilty and would have insisted on
going to trial.

In many guilty plea cases, the
"prejudice" inquiry will closely resemble the
inquiry engaged in by courts reviewing
ineffective-assistance challenges to
convictions obtained through a trial.   For
example, where the alleged error of counsel is
a failure to investigate or discover
potentially exculpatory evidence, the
determination whether the error "prejudiced"
the defendant by causing him to plead guilty
rather than go to trial will depend on the
likelihood that discovery of the evidence
would have led counsel to change his
recommendation as to the plea.   This
assessment, in turn, will depend in large part
on a prediction whether the evidence likely
would have changed the outcome of a trial.
Similarly, where the alleged error of counsel
is a failure to advise the defendant of a
potential affirmative defense to the crime
charged, the resolution of the "prejudice"
inquiry will depend largely on whether the
affirmative defense likely would have
succeeded at trial.   <u>See</u>, <u>e.g.</u>, <u>Evans v.
Meyer</u>, 742 F.2d 371, 375 (CA7 1984) ("It is
inconceivable to us . . . that [the defendant]
would have gone to trial on a defense of
intoxication, or that if he had done so he
either would have been acquitted or, if
convicted, would nevertheless have been given
a shorter sentence than he actually
received").

<u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985) (footnote omitted).

## VI. Findings of Fact and Conclusions of Law

### A. Ground One

Petitioner Eddie Jones claims counsel was ineffective for failing to move the court for dismissal of the Information. Specifically, Petitioner alleges that the Information was not supported by facts and was not in compliance with the requirements of Fla. Stat. § 923.03(2)[4] nor the requirements of Fla. R. Crim. P. 3.140(g).[5]  Petition at 5; Memorandum of Law at 8-12.  Petitioner therefore concludes that counsel knew or should have known that the Information, which was based solely upon the affidavit statements of Investigator Kemp Martin, rendered the Information legally insufficient.  Memorandum of Law at 11.

---

[4] Fla. Stat. § 923.03(2) states:  "An information shall be in the same form and signed by the state attorney who shall also append thereto the oath of the state attorney to the effect following:  Personally appeared before me (official title of state attorney) who, being first duly sworn, says that the allegations as set forth in the foregoing information are based upon facts that have been sworn to as true and which, if true, would constitute the offense therein charged.  The affidavit shall be made by the state attorney before some person qualified to administer an oath."

[5] Fla. R. Crim. P. 3.140(g) states in pertinent part: "An information charging the commission of a felony shall be signed by the state attorney, or a designated assistant state attorney, under oath stating his or her good faith in instituting the prosecution and certifying that he or she has received testimony under oath from the material witness or witnesses for the offense. . . .  No objection to an information on the ground that it was not signed or verified, as herein provided, shall be entertained after the defendant pleads to the merits."

Petitioner raised this ineffectiveness claim in his Rule 3.850 motion, and the trial court adjudicated the claim on the merits. In denying the claim, the trial court stated, in pertinent part:

> Regarding said allegations of ineffective assistance of counsel, this Court finds that Defendant fails regarding <u>any</u> of his allegations. Defendant raises no grounds demonstrating an entitlement to the requested relief. Defendant has failed to meet his burden under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), for alleging ineffective assistance of counsel. Defendant has failed to show that the acts of counsel fell below a standard of reasonableness of professional norms and that these acts prejudiced the outcome of the proceedings as required by the <u>Strickland</u> Court.

Ex. A at 108. In further support of its denial of the ineffectiveness claim, the trial court stated:

> For ground two, Defendant alleges that "[t]he information (charging document), charging the defendant with committing the offense of armed robbery upon Bhauvan Patel (the victim), was based upon a legally insufficient and a grossly invalid sworn statement signed by the victim... Defendant['s] plea was not voluntary when the defendant discovered these facts after pleading." This Court finds, however, that since said information was filed based on the sworn affidavit of Investigator Kemp Martin, who spoke directly with the victim, obtained a statement from her regarding the crime, and showed the victim a photo line-up where the victim identified the defendant as the perpetrator of the crime, the Office of the State Attorney clearly comported with legal requirements when filing a criminal information against Defendant.

<u>Id</u>. at 107.

As noted previously, upon Petitioner's appeal, the appellate court per curiam affirmed the trial court's order.  Accordingly, the claim was rejected on the merits by the state trial and appellate courts.   Thus,  there  are  qualifying  state  court decisions.   This  ground  should  be  addressed  applying  the deferential  standard  for  federal  court  review  of  state  court adjudications, as required by AEDPA.  The Court must next consider the "contrary to" and "unreasonable application" components of the statute.  "It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide."  Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001), cert. denied, 537 U.S. 978 (2002).

Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state courts' adjudications of the claim were  not  contrary  to  clearly  established  federal  law,  did  not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts  in  light  of  the  evidence  presented  in  the  state  court proceedings.  See Response at 14-20.

The Information (Ex. A at 118-19) does contain an oath by Tom Coleman, the designated Assistant State Attorney, stating:

> I HEREBY SWEAR that the allegations set forth
> in the foregoing information are based upon
> facts that have been sworn to as true and
> which if true would constitute the offense(s)

> therein charged.  I further certify that this
> prosecution is instituted in good faith and
> that I have received testimony under oath from
> the material witness or witnesses for the
> offense(s) charged.

<u>Id</u>. at 119.

In evaluating the performance prong of the <u>Strickland</u> ineffectiveness inquiry, there is a strong presumption in favor of competence.   Thus, Petitioner must establish that no competent attorney would have taken the action that counsel, here, chose. <u>United States v. Freixas</u>, 332 F.3d 1314, 1319-20 (11th Cir. 2003) (citations omitted).  As recognized by the trial court in denying the Rule 3.850 motion, the prosecutor had the sworn statement of Investigator Martin, which contained a narrative of the witnesses' statements to the responding officers, information from the surveillance tape showing the robbery and information regarding the victim's identification of the Petitioner in the photo line-up. Ex. A at 120-27.  Therefore, there was no basis for defense counsel to object to the Information.   Given defense counsel's actions based on the record before this Court, defense counsel's performance was not deficient.

Even assuming *arguendo* deficient performance by defense counsel, Petitioner has not shown prejudice.  Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if his lawyer had given the assistance that Petitioner has alleged he should have provided.

Thus, this ineffectiveness claim is without merit.  <u>See</u> Response at 14-20; Ex. A at 64-65.

## B. Ground Two

Petitioner claims counsel was ineffective for failing to inform Petitioner and the trial court that the State had not disclosed or produced any facts as proof that the criminal act of armed robbery had in fact been committed.  Petitioner contends that he raised this ineffectiveness claim in an April 9, 2002, amendment/supplement to his Rule 3.850 motion.  Petition at 7; Amended Reply at 5.  Since the trial court, in denying the Rule 3.850 motion, refers to other supplements and amendments, this Court will assume *arguendo* that Petitioner has sufficiently exhausted this ineffectiveness claim.

In support of his claim, Petitioner alleges in pertinent part:

> Counsel allowed the Petitioner to enter into a plea negotiation with the State to the charged crime of robbery, without advising the Petitioner that the State had failed to disclose/produce any "proof," and/or "legally sufficient evidence of a robbery, as charged."

> Had counsel advised the Petitioner of the State['s] having failed to produce/disclose any proof and/or legally sufficient evidence of a robbery having been committed, the Petitioner would not have entered into a plea negotiation with the State or entered a plea to the unsupported charge of robbery.

Memorandum of Law at 13.

In evaluating the performance prong of the <u>Strickland</u> ineffectiveness inquiry, there is a strong presumption in favor of

21

competence.    Thus,  Petitioner  must  establish  that  no  competent
attorney  would  have  taken  the  action  that  counsel,  here,  chose.
United States v. Freixas, 332 F.3d at 1319-20.   The State's
responses to Petitioner's demand for discovery establish that the
witnesses, a photo line-up, possible finger print evidence and a
surveillance videotape[6] were disclosed th the defense.   Ex. A at
28-35.   Given defense counsel's actions based on the record before
this Court, defense counsel's performance was not deficient.

Even  assuming  *arguendo*  deficient  performance  by  defense
counsel, Petitioner has not shown prejudice.   Petitioner has not
shown that a reasonable probability exists that the outcome of the
case  would  have  been  different  if  his  lawyer  had  given  the
assistance that Petitioner has alleged he should have provided.
Thus, this ineffectiveness claim is without merit.   See Response at
23; Ex. A at 28-35.

### C. Ground Three

Petitioner  claims  that  the  State  Attorney's  Office  acted
unlawfully and without jurisdiction in initiating the prosecution
of Petitioner.   Specifically, Petitioner alleges that the State

---

[6] The State informed the defense that "there was a video
surveillance tape, taken the night of the armed robbery, which
clearly depicted the defendant as the person committing the
offense."   Ex. A, State's Response to Petitioner's Petition for
Writ of Mandamus, filed May 29, 2002, at 25.    Further, the
defendant was provided a copy of the video surveillance tape, as
well as a copy of the photo line-up reflecting that the victim had
identified the defendant as the armed robber.   Id.

22

Attorney's Office "received absolutely nothing submitted by or signed by Bhauvan Patel as 'probable cause' to institute a robbery prosecution." Petition at 8.  Respondents contend that Petitioner has not exhausted this claim in the state courts; however, Petitioner claims that he raised this claim in a petition for writ of habeas corpus that was construed by the trial court as a Rule 3.850 motion.  Petition at 8-9; Amended Reply at 5-6.  Since the state court procedural history of this case is quite extensive due to Petitioner's litigiousness and repetitive filings, this Court will assume *arguendo* that Petitioner has sufficiently exhausted this claim in the state court.  Respondents contend, and this Court agrees, that for the reasons set forth with respect to ground one, the Information was not defective.

Further, based on the available evidence against Petitioner, the State Attorney's Office did not act unlawfully in initiating the prosecution of this case.  The State had substantial competent evidence independent of the written statement of the victim to support the filing of the felony charge against Petitioner.  Such evidence included, but was not limited to, the video surveillance tape of the crime scene, the statements of Investigator Kemp Martin, the statements of Ms. Patel to Investigator Kemp Martin and Investigator Coley Campbell, the statements of Investigator Coley Campbell, the statement of Neil Kehrli (a witness at the store on the night of the robbery), the description of the vehicle at the

crime scene and the photo line-up.  Ex. A, State's Response to
Petitioner's Petition for Writ of Mandamus, filed May 29, 2002, at
26.  Therefore, this claim is without merit.  See Response at 25.

### D. Ground Four

Petitioner claims that his due process right was denied when
the First District Court of Appeal dismissed his appeal on June 29,
2004.  The following brief state court procedural history is
relevant to this claim.  On or about July 28, 2003, Petitioner
filed an Emergency Petition for Writ of Habeas Corpus in the
Supreme Court of Florida, which was construed as a Rule 3.850
motion, and then transferred to the trial court for consideration.
Ex. AA.  On October 6, 2003, the trial court denied the motion as
"repetitive, successive, duplicitous, of previous[ly] denied
motions, as well as time barred, and is an abuse of process and an
abuse of this Court's time."  Id.  Further, the court stated: "*The
issues Defendant alleges have been previously addressed and denied
by this Court.*  Said issues/allegations have been denied as
incorrect, and/or misleading, and/or invalid, and/or insufficient,
and/or time barred."  Id.

Thereafter, Petitioner Jones filed several documents in the
Supreme Court of Florida:  a pleading, filed on October 20, 2003,
which was construed as a notice of appeal; a pleading, filed
October 24, 2003, which was construed as an amended notice of
appeal; and, a pleading, filed November 17, 2003, which was

construed as a second amended notice of appeal. Id. On April 13, 2004, the Supreme Court of Florida transferred the notice of appeal and the amended notices of appeal as well as several motions to expedite to the First District Court of Appeal, noting that the issues involved in the appeal appear to be within the jurisdiction of the First District Court of Appeal. Id. Thereafter, on June 29, 2004, the First District Court of Appeal per curiam dismissed the appeal, citing Jones v. State, 858 So.2d 1263 (which was entered November 17, 2003). Ex. BB.

Petitioner now contends that the appellate court's "retrospective application of a previous ruling" (Jones v. State, 858 So.2d 1263, entered November 17, 2003) deprived him of his due process right to appellate review. As previously noted, Petitioner had submitted a second amended notice of appeal, filed November 17, 2003. Further, based on the extensive state court procedural history of this case, it is evident that Petitioner has not been denied his right to appellate review. The state courts have had numerous opportunities to review the issues presented to them by Petitioner and have justly, properly and extensively reviewed those issues. Petitioner's claim is without merit.

### E. Ground Five

Petitioner claims that the trial court lacked jurisdiction to accept his nolo contendere plea and adjudicate him guilty of robbery where there were no facts or proof that a robbery had been

committed.   Petitioner raised this claim in his *pro se* Emergency
Petition for Writ of Habeas Corpus, and the appellate court per
curiam denied the petition.   Ex. N; Ex. P.   Petitioner also raised
the claim in his Rule 3.850 motion, and the trial court adjudicated
the claim on the merits.   In denying the claim, the trial court
stated, in pertinent part:

> Finally, Defendant raises the ground that "the
> court erred in accepting the defendant['s]
> plea without [a] specified factual basis being
> illicited/expressed [sic]."   Again, such
> allegation is conclusory and non-specific in
> nature.  Furthermore, Defendant knowingly and
> voluntarily signed a plea form, which
> contained a statement which read "I agree
> there is a factual basis to support this
> plea."  At the time the plea was tendered to
> the Court, Defendant was questioned under oath
> by the Court and asked "And you agree to the
> facts to support a plea?"   In response to
> such, Defendant said "Yes."   In addition,
> counsel for Defendant stated on the record
> that Defendant "does stipulate that there
> would be enough facts to get it to a jury."
> This Court reviewed the file at the time of
> sentencing and had sufficient facts before it
> when it accepted Defendant's plea.

Ex. A at 108.

As noted previously, upon Petitioner's appeal, the appellate
court per curiam affirmed the trial court's order.   Accordingly,
the claim was rejected on the merits by the state trial and
appellate courts.   Thus, there are qualifying state court
decisions.   This ground should be addressed applying the
deferential standard for federal court review of state court
adjudications, as required by AEDPA.

Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state courts' adjudications of the claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

At the January 10, 2002, plea proceeding, Petitioner agreed to the facts to support his plea.   Ex. A, Transcript of the Plea Proceeding, dated January 10, 2002, at 130-31.   Petitioner acknowledged that he was giving up the right to a trial and the right to have the State prove the offense.   Id. at 130.   The trial judge asked for the terms of the plea, and defense counsel stated:

> Terms of the plea: Be sentenced as an habitual felony offender, serve five years in the Department of Corrections followed by ten years probation.   No contest plea.   But he does stipulate that there would be enough facts to get it to a jury.

Id. at 131.   Petitioner was advised that he was pleading to a first degree felony (armed robbery) punishable by life imprisonment and that, if he violated probation, he would be brought back into court and sentenced to life imprisonment.   Id. at 132.   The trial court accepted his plea as given freely and voluntarily.   Id.

Based on the record before the trial court, the trial judge properly accepted Petitioner's plea of nolo contendere since the

27

record reflected a sufficient factual basis for the plea, Petitioner agreed to the facts to support the plea and Petitioner stipulated that there would be enough facts to go to a jury. Petitioner's claim is without merit.

### F. Ground Six

Petitioner claims that the Assistant State Attorney (Tom Coleman) committed fraud and perjury upon the trial court in obtaining the judgment entered against Petitioner. Petitioner alleges that Mr. Coleman's oath, attached to the Information, was a "reckless disregard for the truth." Petition at 10C. Petitioner raised this claim in his October 15, 2002, "Motion for an Order Vacating the Judgment Entered in the Above-Styled Cause . . . Whereas, Said Judgment Was Procured By Way of Fraud Upon the Court." Ex. F.  In denying the motion, the court recognized that Petitioner may have previously raised the claim.  Ex. I.  This Court will assume *arguendo* that Petitioner has properly exhausted this claim.

The Information (Ex. A at 118-19) does contain an oath by Tom Coleman, the designated Assistant State Attorney, stating:

> I HEREBY SWEAR that the allegations set forth in the foregoing information are based upon facts that have been sworn to as true and which if true would constitute the offense(s) therein charged.  I further certify that this prosecution is instituted in good faith and that I have received testimony under oath from the material witness or witnesses for the offense(s) charged.

Id. at 119.  As previously set forth in this Order, the Information was not defective, and the State properly initiated the prosecution of Petitioner Eddie Jones.

Petitioner Jones pled nolo contendere to a first degree felony (armed robbery) punishable by life imprisonment.  The terms of the plea were that he would be sentenced as a habitual felony offender, serve five years in the Department of Corrections followed by ten years of probation.  As previously noted, the victim Ms. Patel had identified Petitioner from a photo line-up, and the video surveillance tape depicted Petitioner Eddie Jones as the person committing the offense of armed robbery on August 14, 2001. Petitioner voluntarily and freely chose to enter a plea, thereby giving up his constitutional right to a trial by jury and the right to confront the witnesses against him.  Petitioner's claim is without merit.

## VII. Conclusion

Any other claims not specifically addressed are found to be without merit.  Accordingly, for all of the above-stated reasons, the Petition will be denied and this case will be dismissed with prejudice.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    The Petition (Doc. #1) is **DENIED**, and this action is

**DISMISSED WITH PREJUDICE.**

2.    The Clerk of the Court shall enter judgment denying the

Petition and dismissing this case with prejudice.

3.    The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this   4th    day

of    October    , 2006.


HOWELL W. MELTON
United States District Judge



sc 9/27
c:
Eddie Jones
Ass't Attorney General (Pate)